UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS ANTHONY BROWN, | ) | No. ED CV 14-01060-VBK |
| Plaintiff, | ) ) | MEMORANDUM OPINION AND ORDER |
| v. | ) ) | (Social Security Case) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1.   Whether the Administrative Law Judge's ("ALJ") conclusion at

Step Five of the sequential evaluation process is supported by substantial evidence.

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ'S STEP FIVE SEQUENTIAL EVALUATION CONCLUSION THAT PLAINTIFF IS CAPABLE OF PERFORMING OTHER OCCUPATIONS IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

As reflected in the ALJ's Decision (AR 10-20), Plaintiff filed a Title II application for period of disability and disability insurance benefits ("DIB"), on August 31, 2012, alleging an onset date of April 20, 2009. Plaintiff's date last insured ("DLI") is December 31, 2009. (AR 190.) Plaintiff thus had the burden to establish his disability on or before the DLI in order to be eligible for DIB. See <u>Vincent o/b/o Vincent v. Heckler</u>, 739 F.2d 1391, 1394 (9th Cir. 1984).

In a Disability Report - Adult (AR 193-199), Plaintiff alleged that he was disabled due to PTSD (Post Traumatic Stress Disorder), anxiety disorder, schizophrenia, readjustment disorder, and hearing issues. (AR 194.)

Plaintiff proceeded through the administrative process, and was denied initially and upon reconsideration. He then requested and received a hearing before the ALJ, which occurred on November 14, 2013. (AR 24-64.) The ALJ's unfavorable Decision was issued on November 27, 2013.

In the ALJ's Decision, the well-known sequential evaluation

process (see 20 C.F.R. § 404.1520(a)) was followed. (AR 10-12.) At Step Four, the ALJ determined Plaintiff's Residual Functional Capacity ("RFC") as follows:

> "After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the claimant can lift and/or carry 50 pounds occasionally and 25 pounds frequently. He can stand and/or walk for six hours out of an eight-hour workday with regular breaks. He can sit for six hours out of an eight-hour workday with regular breaks. He can frequently kneel, stoop, crawl, and crouch. He can frequently climb ramps and stairs. He can frequently climb ladders, ropes, or scaffolds. He has no restrictions with the use of the upper extremities and fine and gross manipulation. He remains capable of understanding and hearing at conversational level. He can interact and respond appropriately with coworkers, supervisors, and the general public. He is able to sustain conversation and attention, persistence and pace without [sic] to complete a normal workday. He is able to follow both detailed and complete instructions. He requires a work environment not requiring hypervigilance. He is precluded from jobs where he is responsible for the safety of others. He would be off task five percent of the workday due to distractions from psychologically based symptoms."

(AR 13-14.)

At the hearing, testimony was taken from a Vocational Expert ("VE"), Dr. Mas (AR 60-64), which included examination by Plaintiff's attorney (AR 63.)[1]

In the single issue raised by Plaintiff, he contends that the ALJ erred at Step Five because the alternative jobs identified at that Step require exposure to loud noises which are not adequately encompassed by that part of the determined RFC which states that Plaintiff "remains capable of understanding and hearing at conversational level." (AR 13.)

As a sub-issue, Plaintiff asserts that the ALJ failed to adequately assess and account for side effects from prescription medications, which include sleepiness, drowsiness, tiredness, and weakness (AR 211, 232). (See JS at 6, citing AR 211, 232.)

Finally, Plaintiff asserts that the ALJ erred in posing a second hypothetical to the VE which presumed that the individual would be off task five percent of the workday due to distractions from psychologically based symptoms. (AR 62.)

Plaintiff notes, finally, that his impairments and symptoms, from a psychological perspective, are confirmed by the psychological assessment performed by Dr. Jane Beresford, Psy.D., in a report dated September 22, 2009. (JS at 6, citing AR 253.)

Plaintiff's assertion that the ALJ failed to properly account for side effects from medication is an issue which incorporates the ALJ's credibility finding, in which the ALJ found Plaintiff less than fully credible. (AR 15.) This is because a number of the issues Plaintiff raises, including the effects of his tinnitus, and side effects from

---

[1] Plaintiff is represented in this lawsuit by the same attorney who represented him at the hearing before the ALJ.

4

medication, are dependent on subjective reporting, both by Plaintiff and by his wife. At the hearing before the ALJ, Plaintiff was asked if he has any side effects from medications, and responded that he has severe stomach acid. (AR 42.)

There are also reports in the record from Plaintiff and his wife regarding asserted side effects from medication. These include a Function Report - Adult - Third Party by Plaintiff's wife (AR 204-212), and a Function Report - Adult (AR 219-227.) Although there are, as noted, assertions in these statements about side effects from medications, that alone is insufficient to establish the existence of such side effects, because there is no objective evidence in the record to back up these assertions. See Thomas v. Barnhart, 278 F.3d 948, 960 (9th Cir. 2002); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995). Further, both of these Function Reports were completed in December 2012, three years after the relevant time period at issue.

Because assertions as to side effects from medication are, in this case, strictly subjective, the ALJ's credibility assessment is relevant in terms of its value to depreciate these statements. Plaintiff does not raise any issue with regard to contesting the ALJ's credibility determination.

Further, medical evidence during the relevant period effectively rebuts Plaintiff's contentions with regard to side effects. See, e.g., Progress Report of May 5, 2009 (AR 333), and a Progress Note of July 10, 2009 (AR 327.)

Plaintiff's fundamental contention is that his tinnitus creates hearing issues which prohibit him from performing the identified jobs, which he asserts require an exposure to either moderate or loud noises. (JS at 6.) The objective medical evidence, however, fails to

5

support these contentions with regard to hearing limitations. For example, Plaintiff was examined on May 13, 2009 by an audiologist, who reported that Plaintiff's speech discrimination scores were 100% in the right ear and 96% in the left ear; his tympanometry bilaterally was within normal limits, and he has normal hearing in the range 250-3000 Hz and a mild to moderate sensorineural loss from 4000 to 8000 Hz bilaterally. (AR 332.) In the JS, the Commissioner cites an audiometry article indicating that human speech is usually in the range of 500-3000 Hz, thus concluding that Plaintiff could understand and hear at conversational level. (JS at 11, fn 2.)

With regard to Plaintiff's argument that he has been "instructed to avoid exposure to loud noise," to prevent a worsening of his tinnitus symptoms (JS at 6), there is no medical opinion evidence in the record to corroborate or substantiate those assertions. Indeed, as the Commissioner notes, Plaintiff's activities of daily living ("ADL") appear inconsistent with his limitation claims. At most, as the May 13, 2009 Progress Note indicates, Plaintiff was advised by the audiologist to develop coping strategies with his tinnitus. Several years later, after conservative treatment, Plaintiff reported some improvement in his hearing. (AR 305.)

The Court also notes that Plaintiff's characterization of the noise levels of the identified jobs does not appear to be supported by the DOT codes. For example, store laborer involves only exposure to "moderate" noise levels, and as the Commissioner notes, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCODICOT") defines a moderate noise level as "business office where type-writers are used; department stores; grocery stores; light traffic; fast food restaurant at off-hours." (JS

at 13.) Significantly, Plaintiff does not rebut these citations. Further, even if only the store laborer job had been identified, it exists in significant numbers such that it constitutes substantial evidence at Step Five.

With regard to Plaintiff's contention that the ALJ's conclusion that Plaintiff would be off task five percent of the time is arbitrary, this was, rather, a situation in which Plaintiff received a benefit of the doubt finding, based on the ALJ's assessment of all the evidence in the record. See 20 C.F.R. § 404.1545(a); Social Security Ruling ("SSR") 96-8p.

Finally, while Plaintiff claims that his anxiety level is disabling, based on Dr. Beresford's psychological evaluation (JS at 7), the ALJ considered and factored on anxiety levels into her conclusions. Plaintiff fails to identify in what manner the ALJ committed reversible error by failing to adequately assess or evaluate Plaintiff's anxiety.

For the foregoing reasons, the Court determines that the ALJ's Decision is supported by substantial evidence and will be affirmed.

The Decision of the ALJ will be affirmed.  The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: December 12, 2014             /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE